HOWELL *v.* TODHUNTER.

Opinion delivered June 9, 1930.

*Harney M. McGehee* and *A. L. Rotenberry,* for petitioner.

*Hal L. Norwood,* Attorney General, for respondent.

PER CURIAM. W. H. Howell has appealed from a judgment of the circuit court denying his petition for a writ of certiorari to review the proceedings to try his present sanity or insanity before S. L. Todhunter, warden

of the State penitentiary. His counsel allege in their petition certain errors and irregularities of the warden in the hearing before him. The prayer of the petition is that a writ of certiorari be issued out of the circuit court to S. L. Todhunter, as warden of the State penitentiary, requiring him to certify to the circuit court the original or a copy of the proceedings in the insanity hearing held before him on the 25th day of March, 1930, in which a jury of twelve men rendered a verdict of sanity of the said W. H. Howell, and that this verdict be vacated and set aside.

W. H. Howell was convicted in the circuit court of the crime of murder in the first degree, and his punishment fixed at death by the jury trying him. The judgment of the circuit court was affirmed by this court on October 28, 1929, and a petition for rehearing was denied on December 3, 1929. *Howell* v. *State,* 180 Ark. 241, 22 S. W. (2d series) 47.

On a petition presented by the attorneys for said Howell, the court held that he had a right to have his present sanity or insanity inquired into before the warden of the State penitentiary as prescribed by the provisions of our statute. *Howell* v. *Kincannon, ante* p. 58. There was a majority and also a dissenting opinion prepared and filed in that case. Both opinions recognized that writers on criminal law and courts generally concur in the humane provisions of the common law, and agree that no person in a state of insanity should ever be tried for crime while in that condition or made to suffer the judgment of the law, while insane. We all recognize that in the application of this humane provision of the common law, in the absence of a statute to the contrary, the power of the circuit court upon proper application is undoubted to try the present sanity of a prisoner after conviction and sentence, and upon inquiry, if he was found to be insane, then to stay his execution until a recovery.

The majority opinion, however, held that the power thus conferred upon the trial judge by the provisions of the common law had been modified by the provisions of our statute. We all agree that the Legislature had the power to change or modify the common law in this respect as it pleased, but the dissent was based upon the theory that the statute was not passed for this purpose, but for the purpose of aiding the Governor in the proper exercise of his power of commutation or of pardon. That this was the meaning of the opinions will be seen by reference to the *per curiam* opinion in *Howell* v. *Todhunter, ante* p. 250. In that case, the court said that where the warden of the penitentiary had empanelled a jury and no verdict was reached, he thereby declared that he had reasonable grounds for believing that the defendant was insane, and it became his duty to empanel another jury for the purpose of securing a verdict on the question. See also *Nobles* v. *Georgia*, 168 U. S. 398.

Under the allegations of the petition in the present application, it will be seen that another jury was empanelled and that a verdict of sanity was reached by it. It became the duty of the counsel for the defendant to preserve a transcript of the testimony and other matters relating to that proceeding if they desired to have the same reviewed by the circuit court. If they did not do so, the circuit court could not intelligently act in the matter.

Counsel for appellant rely upon the procedure recognized in *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041. It will be noted, however, that in that case the evidence before the board was carefully preserved and a transcript furnished to the circuit court, so that there could be no doubt about what happened before the board. Here no record whatever was made of the proceedings had before the warden, and the case stands just as if, after the trial of the prisoner in the circuit court, no bill of exceptions had been made, preserving alleged errors and irregularities for review in the appellate court.

We have uniformly held that, where no bill of exceptions has been filed in the time and in the manner prescribed by law, the appellate court can only review for alleged errors appearing upon the face of the record itself. In the present case there are no errors appearing from the face of the record. The petition itself shows that the jury upon inquiry as prescribed by the statute found the prisoner to be sane. The statute, as we have already seen, prescribed the manner in which the inquiry should be made, and the manner in which the question of the present sanity or insanity of the prisoner should be determined was purely a matter of legislative regulation. Any other construction would greatly obstruct and embarrass the administration of the criminal law; otherwise, as pointed out in *Howell* v. *Todhunter, supra*, it would be within the power of convicted felons, or their friends, to indefinitely delay the execution of the sentence by repeated suggestions of insanity, followed by inquisitions in each instance and appeals therefrom. As we have already seen, it was a subject within the control of the State Legislature, and, the provisions of the statute having been complied with, and no errors appearing upon the face of the record, the circuit court properly denied the petition for a writ of certiorari, and the judgment must be affirmed upon appeal. It is so ordered.